Filed 4/1/14  In re N.D. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE N.D., a Person Coming Under the Juvenile Court Law. | H039775 (Santa Clara County Superior. Ct. No. JV37225) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>N.D.,<br><br>    Defendant and Appellant. | |

In a juvenile wardship petition filed on June 4, 2010, the Santa Clara County District Attorney alleged that N.D. committed a lewd or lascivious act on a child less than 14 years of age (Pen. Code, § 288, subd. (a), count one) and that he had unlawful sexual intercourse with a minor more than three years younger than him.  (Pen. Code, § 261.5, subd. (c), count two.)

Subsequently, on September 10, 2010, N.D. admitted the lewd and lascivious act in count one and the prosecution moved the court to dismiss count two.[1]  N.D. signed and

---

[1]     According to the probation officer's report, "on June 3, 2010, [N.D.] had consensual sexual intercourse with the victim, a twelve-year-old female.  The intercourse

initialed a waiver form in which he was advised of and waived his constitutional rights. The court declared N.D. to be a ward of the court and informed N.D. that his maximum term of confinement for count one was eight years.  However, the court placed N.D. on probation on various terms and conditions including 75 days of electronic monitoring, completion of a drug and alcohol program, a family counseling program, a sexual offender program and completion of a victim awareness workshop.  The court ordered that N.D. pay victim restitution for losses sustained by the victim.

Ultimately, on April 11, 2013, following a contested restitution hearing, the court ordered N.D. to pay $11,394 in restitution based on documentation submitted by the California Victim Compensation and Government Claims Board (the VCGCB).  The VCGCB's documentation showed that payments had been made to the victim in the amount of $3,069, to the victim's mother in the amount of $2,385, to one of the victim's sisters in the amount of $972, and to another of the victim's sisters in the amount of $2,538, and to the victim's father in the amount of $2,430.  The payments were for mental health services.  In a written motion, N.D.'s public defender objected to the restitution requested by the VCGCB on the ground that Welfare and Institutions Code section 730.6 did not include derivative victims and, therefore, did not authorize payments made on behalf of the victim's family members.  At the restitution hearing, N.D.'s counsel argued that restitution should be limited to the "actual victim in this case."  The court explained that it "believe[d] the authority of the court rest[ed] in the broad powers of discretion when it comes to victim restitution.  [¶]  And I don't think it's appropriate . . . to try to determine what was appropriate given what the family sought and obtained through the victim compensation board.  [¶]  I will order the full amount of restitution at $11,394."  At the same time, the court terminated N.D.'s probation and converted the restitution order to a civil judgment.

_____

took place at the Rose Garden library bathroom . . . ."  At the time, N.D. was 16 years old.

N.D. has appealed from the restitution order that the court imposed following the contested restitution hearing. We appointed counsel to represent N.D. in this court. Counsel has briefed no issues, but requests that we review the record of the proceedings. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel attests that N.D. was advised of his right to file a supplemental brief in a timely manner. Furthermore, on December 13, 2013, we notified N.D. of his right to submit written argument on his own behalf within 30 days. N.D. has not filed a supplemental brief. We have reviewed the record and affirm the juvenile court's restitution order.

In defining who is entitled to restitution, Welfare and Institutions Code section 730.6, subdivision (j), provides, "For purposes of this section, 'victim' shall include: [¶] (1) The immediate *surviving* family of the actual victim. [¶] (2) Any governmental entity that is responsible for repairing, replacing, or restoring public or privately owned property that has been defaced with graffiti or other inscribed material . . . and that has sustained an economic loss as the result of a violation" of specified provisions. (Italics added.) On its face, Welfare and Institutions Code section 730.6 does not appear to provide for a restitution award to compensate derivative victims, as in the victim's family members, except in the circumstance when the surviving family members of the victim are being compensated for the victim's losses. Nevertheless, "Article I, section 28 of the Constitution, as amended by Proposition 9, the Victim's Bill of Rights of 2008, known as 'Marsy's Law,' provides for a broad spectrum of victim's rights, including restitution. It defines ' "victim" ' as 'a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a *crime or delinquent act*. The term "victim" also includes the person's spouse, parents, children, siblings, or guardian, and includes a lawful representative of a crime victim who is deceased, a minor, or physically or psychologically incapacitated. The term "victim" does not include a person in custody for an offense, the accused, or a person whom the court finds would not act in the best interests of a minor victim.' [Citation.]" (*In re*

3

*Scott H*. (2013) 221 Cal.App.4th 515, 522.)  Thus, in this case, the victim's family members fall within this constitutional definition of victim, which specifies that it applies to a crime or delinquent act.  The constitutional definition of victim applies in juvenile delinquency proceedings, despite the more restrictive language in Welfare and Institutions Code section 730.6, subdivision (j); simply put, the constitutional language prevails.  (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 800–801, fn. 11 [to the extent statutory language conflicts with that in the Constitution, the constitutional provision controls].)

Our review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 has disclosed no reasonably arguable issues on appeal.  At all proceedings N.D. was represented by competent counsel and competent counsel has represented N.D in this appeal.

*Disposition*

The court's April 11, 2013 restitution order is affirmed.

_____

ELIA, J.


WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

4